NO. 07-03-0361-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 22, 2004

_____

KENNETH GEAL AVERY,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 252ND DISTRICT COURT OF JEFFERSON COUNTY;

NO. 87,126; HON. LARRY GIST, PRESIDING

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Appellant Kenneth Geal Avery appeals his conviction for possession of a controlled substance. His court-appointed counsel has moved to withdraw after filing a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and representing he has searched the record and found no arguable grounds for reversal. The motion and brief indicate that appellant was informed of his rights to review the appellate record and file his own brief. So too did we inform appellant that any *pro se* response or brief he cared to file had to be filed by December 10, 2003. Upon the request for more time, the deadline was extended to January 14, 2004. To date, appellant has filed no *pro se* response or brief. Nor has he moved for another extension.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed one potential area for appeal which concerned an objection regarding the prosecutor testifying for the State's witness. However, appellate counsel points out that trial counsel did not request an instruction nor a mistrial; thus, the issue was not preserved for review. Furthermore, appellate counsel discusses each phase of the trial, *i.e.* indictment, pretrial motions, the stipulation of evidence and sentencing, and thereafter concluded that no issues were presented for appeal.

So too have we conducted an independent review of the record to determine whether there existed reversible error and found none. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring us to conduct an independent review). Appellant was stopped while riding his bicycle for failing to obey the traffic laws. During the attempt to stop appellant, the arresting officers observed appellant throw a metallic object to the ground. After retrieving the object, which was a pill bottle, the officers found "crack" cocaine inside. At trial, appellant stipulated to the chain-of-custody and that the bottle contained over one gram of cocaine but less than four grams. There were no objections to the jury charge, and we have found no egregious harm caused by anything in the charge. Furthermore, the punishment assessed, seven years in prison, was within that prescribed by law. TEX. PEN. CODE ANN. §12.42(a)(3) (Vernon 2003).

Accordingly, counsel's motion to withdraw is granted, and the judgment of the trial court is affirmed.

Brian Quinn
Justice

Do not publish.